IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No.: 3:08cr20/MCR
                                              3:09cv576/MCR/EMT

AARONEY OKEVIOUS REED

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon the Government's motion to dismiss Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 85). Defendant has filed a response (Doc. 87), and the Government has filed a reply (Doc. 88). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion to dismiss should be denied and the government should be directed to respond to Defendant's motion.

## BACKGROUND

Defendant was charged in a two-count indictment with two counts of being a felon in possession of a firearm (Doc. 1). He signed a written plea and cooperation agreement and intended to enter a plea of guilty on June 19, 2008, but based on his testimony at the change-of-plea hearing, the court declined to accept the guilty plea and instead ordered a competency evaluation (Docs. 18, 24 & 58). A second change-of-plea hearing took place on December 17, 2008. At this hearing, counsel stipulated to the findings set forth in the forensic examiner's report (Doc. 25), and the court accepted the examiner's conclusion that Defendant was competent both to stand trial and at the time

of the offenses (Doc. 59 at 3). The court accepted Defendant's guilty plea and later sentenced him to a total term of 144 months imprisonment[1] (Doc. 43).

The clerk filed a notice of appeal in Defendant's behalf (Doc. 45), as did defense counsel (Doc. 46). On September 10, 2009, the Eleventh Circuit dismissed Defendant's appeal with prejudice pursuant to his motion to dismiss, and the mandate issued that same date (Doc. 64).

On December 13, 2009, Defendant filed a handwritten pleading titled "Modification of Federal Sentence 28 U.S.C. § 2241" that was opened as civil case 3:09cv552/LAC/MD. In this pleading, Defendant cited his mental problems in support of his request for a reduction in his sentence (*see* Doc. 65). On December 18, 2009, Magistrate Judge Miles Davis entered a report and recommendation in which he recommended that Defendant's § 2241 petition be recharacterized as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because the petition sought to challenge the validity of Defendant's initial sentence rather than the execution thereof (Doc. 66). Judge Davis's recommendation also stated that once the Defendant's motion was construed as a § 2255 and filed in Defendant's federal criminal case, he should be given the opportunity to either withdraw the construed motion or to amend it so that it contained all of the § 2255 claims Defendant believed he had (*id.* at 4). Defendant did not object; Senior District Judge Lacey A. Collier adopted the recommendation on February 4, 2010 (Doc. 67); and the petition, recommendation, and order adopting were docketed in Defendant's criminal case file as a § 2255 motion.

On February 11, 2010, the undersigned entered an order directing Defendant to file an amended motion to vacate using the proper court form as is required by Local Rule 5.1(J) (Doc. 70). The order was returned as undeliverable because the forwarding time had expired (*see* Doc. 72). The clerk resent the order to the return address noted on Defendant's most recent correspondence (Docs. 71 & 73). When Defendant did not respond, on March 19, 2011 the court entered an order to show cause why his motion should not be dismissed for failure to comply with an order of the

---

[1] The sentence consisted of 120 months as to Count 1, 24 months as to Count 2 to run consecutively to Count 1 and 96 months as to Count 2 to run concurrently with Count 1 (Doc. 43). The court indicated its intent that the sentence run concurrently to any yet to be imposed State of Florida sentence in two pending Escambia County cases (*id.*).

court (Doc. 75). Defendant failed to timely respond, and instead of recommending dismissal of his motion, on April 14, 2010,[2] the court entered an order directing the clerk to forward to Defendant a copy of docket entries 66, 67, 69, 70 and 75 and another § 2255 form to him at his address of record, along with instructions to file either an amended § 2255 motion or a Notice indicating his desire to withdraw the motion within 30 days (Doc. 76). The court noted in its order that Defendant might not have received the court's previous orders, as he had been in transit (*id.*). Defendant still did not respond and the court again directed the clerk to send copies of docket entries 65, 66, 67, 69, 70 and 75 to Defendant at his address of record, and gave him an additional 30 days to file his amended motion or file a notice indicating his intent to withdraw the motion (Doc. 78 at 2). Finally, in June of 2010, Defendant responded by filing a letter with the court asking for more time to file his amended motion (Docs. 79 & 80). Defendant filed another motion for extension of time in July of 2010 which was also granted, and he was directed to file his amended motion by August 16, 2010 (Docs. 81 & 82). Again Defendant failed to timely comply. No further court orders were entered, and Defendant finally filed his amended motion which the clerk docketed on October 18, 2010 (Doc. 83).[3] In his amended motion, Defendant raised four grounds for relief: ineffective assistance of counsel, coerced plea, his mental problems, and an allegedly illegal sentence (*id.*). The court served the motion upon the Government and directed it to respond. It did so by moving to dismiss the Defendant's motion as untimely.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

---

[2] The order reflects that it was signed on March 14, 2010, but it was actually signed and docketed on April 14, 2010.

[3] The motion was filed on October 12, 2010, in accordance with the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The judgment in this case was entered on April 9, 2009 (Doc. 43). Defendant appealed, but as noted above, he moved to dismiss his appeal with prejudice, and the motion was granted on September 10, 2009.

The Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed. *See* Baskin v. United States, 2011 WL 794821 (M.D. Fla. March 1, 2011) (noting that Eleventh Circuit has not yet ruled on the issue but finding the defendant's § 2255 motion untimely regardless of which method of calculation was used). This district court has previously concluded that a state conviction becomes final, for AEDPA purposes, ninety (90) days after the state appellate court grants a motion for voluntary dismissal of the appeal. *See* Chapman v. McNeill, No. 3:08cv5/LAC/EMT, 2008 WL 2225659 (N.D. Fla. May 28, 2008); Marshall v. Crosby, No. 3:05CV207/LAC/EMT, 2006 WL 568341 (N.D. Fla. Mar. 7, 2006). The Fourth, Fifth, and Sixth Circuit cases that this court relied on in Chapman and Marshall, however, did not specifically identify the dismissals in those cases as voluntary dismissals rather than dismissals for want of prosecution, waiver of the right to appeal, or some other reason. *See* United States v. Gentry, 432 F.3d 600, 604 n.2 (5th Cir. 2005) (conviction became final ninety (90) days after appellate court dismissed direct appeal, or, in other words, upon expiration of the time period for filing for a writ of certiorari; appeal dismissed for want of prosecution), *and* United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (conviction became "final," triggering one-year limitations period applicable to motion to vacate, ninety (90) days after court of appeals dismissed defendant's direct appeal, where defendant did not file petition for writ of certiorari in the United States Supreme

Court; basis for dismissal not stated),[4] *and* Vroman v. Brigano, 346 F.3d 598, 601 (6th Cir. 2003) (conviction became final ninety (90) days after the Ohio Supreme Court dismissed petitioner's direct appeal; basis for dismissal not stated).

The distinction between voluntary dismissals and involuntary or procedural dismissals is potentially significant, as at first blush a voluntary dismissal is arguably akin to an appellate waiver. Nonetheless, courts that have been called upon to determine the precise issue in this case, that is, when a conviction becomes final in the case of a defendant who has voluntarily dismissed his appeal, have also been divided. In some cases, courts have found that voluntary dismissal of an appeal is the mark of finality. *See* United States v. Sylvester, 258 Fed. Appx. 411, 2007 WL 4395652, at *1 (3d Cir. Dec. 14, 2007) (conviction became final and the limitations period began to run when federal criminal defendant's appeal was voluntarily dismissed, since further direct review in the appellate court is no longer possible when an appeal is voluntarily dismissed), *and* White v. Klitzkie, 281 F.3d 920, 923 (9th Cir. 2002) (territorial conviction in Guam became final when defendant dismissed his direct appeal prior to the enactment of AEDPA), *and* Lee v. Klinger, No. 99-6286, 208 F.3d 26, 2000 WL 216615, at *1 (10th Cir. Feb. 23, 2000) (conviction became final when Oklahoma Court of Criminal Appeals dismissed defendant's direct appeal upon his motion). However, in Latham v. United States, 527 F.3d 651 (7th Cir. 2008), the Seventh Circuit expressly found that a judgment entered upon a voluntary dismissal of an appeal from a conviction does not become final until expiration of the time for filing a petition for certiorari. The court seemed to place some importance upon the fact that the defendant in Latham had moved for reinstatement of his appeal within two weeks after the mandate issued. The Latham court analogized the effect of an appellate waiver signed before the trial court and dismissal of the appeal

---

[4] Although the basis for dismissal was not expressly stated in the Sosa opinion, at least one other court has attributed the dismissal to the defendant, rather than, for instance, a procedural defect or a failure to prosecute which resulted in the court's sua sponte dismissal of the appeal. Lehet v. United States, No. 8:03cv297-T-17TGW, 2007 WL 186801, at *1 (M.D. Fla. Jan. 22, 2007) (citing Sosa for the proposition that "when defendant files but then dismisses direct appeal, conviction is deemed final ninety days after dismissal."). Because the Sosa court distinguished its dismissal of the defendant's direct appeal with defendant's motion to withdraw his § 2255 motion, this court is hesitant to accept Lehet's interpretation of Sosa.

and found that the defendant was entitled to argue to the appellate court and to the Supreme Court that his waiver was involuntary. *Id.* at 653. And, perhaps even more significant was the government's shift in position in a case decided recently by the Third Circuit. United States v. Parker, 2011 WL 767740 (3d Cir. Mar. 1, 2011) (unpublished). The Third Circuit's opinion lacks detail, but it appears that at the trial court level, the government had taken the position that the defendant's § 2255 motion was time barred. On appeal, however, the government stated that it now believed that its position before the district court was in error because "there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal." Parker, 2011 WL 767740 at *1. The appellate court agreed and vacated the dismissal of the motion as untimely, without distinguishing its prior decision in Sylvester, *supra*.

The Government's position in the instant case is that Defendant's judgment of conviction became final when the Eleventh Circuit granted his motion to voluntarily dismiss his appeal, and that the ninety-day period for filing a petition for certiorari does not apply because a defendant "would not file a petition for certiorari when he moved to dismiss his own appeal" (Doc. 85 at 6). It cited no authority for its position. While this court agrees with the underlying logic of the Government's statement that a defendant should have no reason to file such a petition, this is not the same as saying that he is legally foreclosed from doing so. Therefore, it is the opinion of the undersigned that Defendant's conviction did not become final until the ninety-day period for filing a petition for writ of certiorari expired, on December 9, 2009. Therefore, his amended motion to vacate, filed on October 12, 2010, was timely filed, and the government's motion should be denied.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the Government's motion to dismiss (Doc. 85) be **DENIED**;

2. That the Government be ordered to file a response to Defendant's amended motion to vacate within **thirty (30) days** of an order adopting this recommendation.

At Pensacola, Florida, this <u>4</u><sup>th</sup> day of April 2011.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).